IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRIS ROTHSTEIN AND STANLEY ROTHSTEIN, on behalf of themselves and all others similarly situated, </br></br> Plaintiffs, </br></br> v. </br></br> AUTO CLUB SOUTH and AMERICAN AUTOMOBILE ASSOCIATION, </br></br> Defendants. | CLASS ACTION </br> C. A. No. 9:15-cv-81249 </br></br> Jury Trial Demanded |

## CLASS ACTION COMPLAINT

Plaintiffs Iris and Stanley Rothstein ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this action against Defendants Auto Club South and the American Automobile Association ("AAA") (collectively "Defendants"), and allege the following:

## NATURE OF ACTION

1. This is a class action brought by Plaintiffs against Defendants, arising out of the Defendants' practice of overcharging Plaintiffs and Class members through the use of unauthorized and undisclosed fees for the booking of hotel accommodations through Defendant AAA's website, AAA.com. The result of these unauthorized and undisclosed fees is that, instead of providing discounted hotel bookings as Defendants AAA and Auto Club South promise their members, these Defendants actually charge members far more than they would pay if they booked with the hotels directly.

2. Plaintiffs bring this action as a class action, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class (defined below) consisting of all persons and entities whom Defendants charged undisclosed hotel booking fees (the "Class").

3. As detailed herein, the Defendants' charging of undisclosed fees to Plaintiffs and the Class constituted a breach of contract. The Defendants' actions alternatively make them liable to the Plaintiffs and Class members for unjust enrichment.

4. Plaintiffs and the Class have suffered actual damages as a result of Defendants' conduct.

## PARTIES

5. Plaintiffs Iris and Stanley Rothstein, a married couple, are residents of the state of Florida, Palm Beach County. Plaintiffs were members of Defendant Auto Club South at all times relevant hereto and have been damaged as a result of Defendants' overcharging them for booking hotel reservations.

6. Defendant American Automobile Association ("AAA"), is a foreign not-for-profit corporation, headquartered and qualified to do business in the State of Florida and doing business in Palm Beach County, Florida, at all times relevant to this action.

7. Defendant Auto Club South, is a not-for-profit corporation qualified to do business in the State of Florida and doing business in Palm Beach, County, Florida, at all times relevant to this action.[1]

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332(d)(2), since there are at least hundreds, if not thousands, of class members in the proposed class, the combined claims of proposed class members exceed $5,000,000 exclusive of interest and costs, and

---

[1] Upon information and belief, in November 2014 Defendant Auto Club South merged with Auto Club South Insurance Agency, Inc., a Tennessee corporation. These entities are collectively referred to herein as "Auto Club South."

2

significant numbers of class members are citizens of states other than the Defendants' states of citizenship.[2]

9. This Court has personal jurisdiction over Defendants because a substantial portion of the wrongdoing alleged in this Complaint took place in this District, Defendants are authorized to do business in this District, Defendants have sufficient minimum contacts with this District, and/or Defendants intentionally avail themselves of markets in this District through the promotion, marketing and sale of their products and services to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391because the named Plaintiffs reside here, because Defendants have hundreds, if not thousands, of customers in this District, because Defendants receive substantial fees from customers in this District, because Defendants maintain offices in this District, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

### A. AAA and Auto Club South

11. Defendant AAA is a federation of automobile clubs, with regional member clubs spread throughout the United States.

---

[2] As set forth herein, the Class is defined as "All individuals and entities who booked hotel reservations through Defendant AAA's website, AAA.com." All AAA regional clubs route their members to the AAA.com website for online hotel bookings. AAA claims that it has 54 million members in the U.S. and Canada. http://newsroom.aaa.com/about-aaa/aaa-fact-sheet/. Thus, the potential class size is approximately 54 million persons. Also, as set forth herein, Plaintiffs allege that they were overcharged hundreds of dollars by Defendants. On information and belief, tens of thousands of AAA members book hotels through AAA.com each year. Thus, the combined claims of class members exceed $5,000,000, exclusive of interest and costs.

12. AAA, through its regional member clubs such as Defendant Auto Club South, provides emergency roadside services, as well as other primarily travel-related benefits, to its members.

13. Defendant Auto Club South is a regional member club of Defendant AAA, servicing the states of Florida, Georgia, and Tennessee.

14. Members of Auto Club South pay annual dues to the Club, in return for receiving membership benefits.

**B.     Plaintiffs' Travel Booking with AAA and Auto Club South**

15. Mrs. Rothstein has been a member of Auto Club South for years and, before that had been a member of AAA in Pennsylvania.

16. In 2014, Mr. Rothstein was also a member of Auto Club South as a result of being added as a member through Mrs. Rothstein's membership.

17. Based on Defendants' membership materials, Mrs. Rothstein understood that one of the primary benefits of being a AAA member, at any level and with any regional AAA club, is the promise that AAA and its clubs make that their members will "save on hotels and rental cars" by booking them with AAA."

18. In or around June of 2014, the Rothsteins began an extended driving vacation.

19. For this trip, Mrs. Rothstein used her laptop computer to make advance reservations for hotels in locations that she and her husband intended to visit.

20. In June of 2014, Mrs. Rothstein accessed the AAA.com website to make hotel reservations.

21. Mrs. Rothstein used AAA.com to make reservations for three hotels and paid for these reservations in advance, at the time that she booked them on AAA.com:

    a. The Homewood Suites by Hilton in Middletown, Rhode Island, for a total cost charged by AAA.com of $1,118.88, for a stay between June 20 and June 27, 2014;[3]

    b. The Hampton Inn White River Junction in White River Junction, Vermont, for a total cost charged by AAA.com of $573.68, for a stay between July 17 and July 21, 2014;[4]

    c. The Holiday Inn Express in Springfield, Vermont, for a total cost charged by AAA.com of $402.00, for a stay between July 21 and July 24, 2014.[5]

22. Each of the aforementioned total costs for these hotel bookings were charged in advance to the Rothsteins' joint credit card, at the time Mrs. Rothstein completed the bookings on AAA.com. Mrs. Rothstein made the reservations in Mr. Rothstein's name.

23. Upon checking in at the Homewood Suites by Hilton in Middletown, Rhode Island on or about June 20, 2014, Mrs. Rothstein was asked by the hotel's desk attendant the rate she had paid for her room. According to the desk attendant, the hotel could not view the rate that Mrs. Rothstein had pre-paid to AAA.com. When Mrs. Rothstein disclosed the rate, she was told by the desk attendant that she had overpaid and the desk attendant provided her with an itemized

---

[3] *See* AAA.com confirmation of booking for the Hilton by Homewood Suites in Middletown, Rhode Island, attached hereto as Ex. A.

[4] *See* AAA.com confirmation of booking for the Hampton Inn White River Junction in White River Junction, Vermont, attached hereto as Ex. B.

[5] *See* AAA.com confirmation of booking for the Holiday Inn Express in Springfield, Vermont, attached hereto as Ex. C.

statement showing what should have been the proper charge, which was $940.45,[6] rather than the $1,118.88 which AAA.com had charged to the Rothsteins' credit card.

24.     Essentially the same process was repeated at the two other hotels that Mrs. Rothstein had booked and pre-paid through AAA.com. At The Hampton Inn White River Junction, Mrs. Rothstein was informed that the proper charge for her stay was $479.44,[7] rather than the $573.68 which AAA.com charged to the Rothesteins' credit card. At the Holiday Inn Express in Springfield, Vermont, she was informed that the proper charge for her stay was $339.66,[8] rather than the $402.00 which the Rothsteins had been charged by AAA.com. Both hotels provided Mrs. Rothstein with itemized statements showing what should have been the proper charges.

25.     The following chart illustrates the differences between the total costs the Rothsteins pre-paid to AAA.com and the total costs they would have paid for booking with the hotels directly, according to the hotels themselves:

| Hotel | Total Costs Pre-Paid to AAA.com for Booking | Actual Total Costs for Bookings According to the Hotels |
| --- | --- | --- |
| Homewood Suites by Hilton (Middletown, RI) | $1,118.88 | $940.45 |
| Hampton Inn White River Junction | $573.68 | $479.44 |
| Holiday Inn Express (Springfield, VT) | $402.00 | $339.66 |

---

[6] *See* Homewood Suites itemized statement, attached hereto as Ex. D.

[7] *See* Hampton Inn itemized statement, attached hereto as Ex. E.

[8] *See* Holiday Inn Express itemized statement, attached hereto as Ex. F.

26. Given these differences in costs, the Rothsteins concluded that AAA must have charged them fees for booking hotel reservations through AAA.com.

27. Neither while using AAA.com, nor at any other time, had the Rothsteins ever seen any disclosure that a fee would be charged for booking hotels through the AAA.com. In fact, the Rothsteins understood that as part of their membership in AAA and Auto Club South, and by booking through Auto Club South or AAA.com, they would receive reduced hotel rates.

28. After discovering the undisclosed booking fees and while still on her trip, Mrs. Rothstein examined AAA.com's FAQ's, in which AAA affirmatively stated that no fees would be charged for booking hotel reservations through AAA.com.[9] This confirmed Mrs. Rothstein's understanding that AAA and Auto Club South never told members such fees would be charged and, in fact, that AAA and Auto Club South promised that members would receive discounted rates for hotel bookings.

29. Mrs. Rothstein then contacted AAA by phone in an attempt to discover why AAA.com charged her so much more for her hotel reservations than the three hotels told her that she should have paid.

30. During this phone call, a AAA representative told Mrs. Rothstein that, contrary to the representation on AAA.com, AAA did charge fees for booking hotel reservations through the site and the hotels where the Rothsteins had stayed should not have given the Rothsteins the true cost of the bookings, which did not reflect these service fees, because AAA did not want its members to learn of the fees. The AAA representative also admitted that AAA earned money from the hidden fees charged to its members and, further, would not issue the Rothsteins a refund for these fees.

---

[9] *See* AAA.com FAQ's, attached hereto as Ex. G.

31.     With no other recourse, Mrs. Rothstein disputed the charges with her credit card company.

**C.      Priceline's Role**

32.     To Mrs. Rothstein's surprise, the disputes she filed with her credit card company regarding AAA's charges were answered not by AAA, but by Priceline.[10]

33.     The Rothsteins had never used Priceline to book hotel reservations, nor was Priceline ever mentioned by Auto Club South or AAA.com.

34.     Nevertheless, Priceline claimed that the Rothsteins had authorized the hotel booking fees charged to them by AAA.com.

35.     But Priceline's statements in support of the propriety of the fees charged to the Rothsteins, prove that the Rothsteins never authorized the fees. Specifically, Priceline stated that:

> About the priceline.com Hotel offer process.
>
> The process starts on our website with the customer providing the details of their Trip…By selecting the Buy My Hotel Room Now button, they agree to priceline's terms and conditions and that the information they provided is accurate…

36.     The Rothsteins never accessed Priceline's website or selected the "Buy My Hotel Room Now" button and thus could not have agreed to Priceline's terms and conditions. Moreover, Priceline was never identified during Mrs. Rothstein's booking process with AAA.com or through her use of Auto Club South's services.

37.     Despite disputing the overcharges they paid to Defendants, the Rothsteins did not recover all of these overcharges.

---

[10] Priceline Group Inc. ("Priceline"), is a foreign for-profit corporation, which is headquartered in Norwalk, Connecticut. Priceline has done business in Palm Beach County, Florida, at all times relevant to this action. Priceline operates and owns the website, priceline.com. Hereafter, Priceline and its website, priceline.com, are referred to collectively as "Priceline."

## CLASS REPRESENTATION ALLEGATIONS

38.     Plaintiffs bring this action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of themselves and the following Class:

> All individuals and entities who were members of AAA or one of its regional clubs and who booked hotel reservations through Defendant AAA's website, AAA.com, beginning five years from the date of filing of this Complaint through the date of final judgment in this case.

39.     Plaintiffs also bring this action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of themselves and the following Subclass:

> All individuals and entities who were members of Auto Club South and who booked hotel reservations through Defendant AAA's website, AAA.com, beginning five years from the date of filing of this Complaint through the date of final judgment in this case.

40.     **Numerosity:** The exact number of members of the Class is unknown to the Plaintiffs at this time, but on information and belief, Plaintiffs allege that the Class is so numerous that joinder of all members is impractical. Ultimately, the members of the Class can be ascertained from Defendants' records when discovery commences.

41.     **Commonality:** The issues involved in this case are susceptible to class-wide proof. Specifically, upon information and belief, all members of the Class entered into similar contracts with Defendants and/or were overcharged by Defendants through the same process. Common questions of law or fact exist as to all members of the Class and predominate over any questions affecting only individual members, and include, but are not limited to:

   a. Whether Defendant AAA has breached its contracts with Plaintiffs and Class members;

   b. Whether Defendant Auto Club South has breached its contracts with Plaintiffs and Subclass members; and

       c. Whether Defendants have been unjustly enriched by their conduct.

42. **Typicality:** Plaintiffs' claims are typical of the claims of the other members of the Class as there are no material differences in the facts and law underlying their claims. For example, Plaintiffs and all other members of the Class booked hotel reservations through AAA.com. Further, Plaintiffs and the Class were overcharged by Defendants as a result of booking hotel reservations through AAA.com. Plaintiffs' claims are therefore typical of those of Class members. Plaintiffs and the Class sustained damages as a result of Defendants' uniform wrongful conduct and Plaintiffs' prosecution of their claims will advance the claims of all Class members.

43. **Adequacy of Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have retained counsel competent and experienced in complex litigation and class actions. Specifically, Plaintiffs' interests, like all other Class members, focus on the conduct related to AAA.com's practice of charging unauthorized and undisclosed fees for hotel bookings. Further, Plaintiffs have no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiffs.

44. **Predominance:** The common questions of law or fact listed above exist as to all Class members and predominate over any questions affecting only individual members of the Class. Specifically, the key liability issues focus on AAA.com's practice of charging unauthorized and undisclosed fees for hotel bookings.

45. **Superiority:** Class treatment of the claims set forth in this Complaint is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the proposed Class members to prosecute their claims individually. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because the individual

litigation would increase the delay and expenses to all parties due to the complex legal and factual controversies presented in this Complaint. Absent a class action, a multiplicity of individual lawsuits would be required to address the claims between the Class members and the Defendants so that inconsistent treatment and adjudication of the claims would likely result. In addition, a class action presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

46. Adequate notice can be given to Class members directly using information maintained in Defendants' records.

## COUNT I

**(Breach of Contract/Breach of the Duty of Good Faith and Fair Dealing Against Defendant AAA on Behalf of Plaintiffs and the Class)**

47. Plaintiffs, on behalf of themselves and all others similarly situated, repeat and re-allege the allegations in each of the foregoing paragraphs as if fully set forth herein.

48. Plaintiffs and Class members entered into contracts with Defendant AAA by using AAA.com to book and pay for hotel reservations.

49. The terms of this uniform contract, as evidenced by AAA.com's FAQ's, explicitly stated that service fees would not be charged for booking hotel reservations. Moreover, AAA.com never discloses in any other portion of the website that fees will be charged for booking hotels, nor do AAA's regional member clubs make any such disclosure.

50. Contrary to the terms of the contracts formed by Plaintiffs and Class members' use of AAA.com, AAA did in fact charge Plaintiffs and Class members service fees for booking hotel reservations through AAA.com. Further, AAA never disclosed that it had embedded these fees in

the overall costs of the hotel bookings. Thus, the fees were hidden from Plaintiffs and Class members. Accordingly, Plaintiffs and Class members never agreed to pay such fees.

51. As a result of AAA's conduct, Plaintiffs and Class members were damaged by paying service fees which they never agreed to and which AAA attempted to hide from them.

## COUNT II

### (Breach of Contract/Breach of the Duty of Good Faith and Fair Dealing Against Defendant Auto Club South on Behalf of Plaintiffs and the Subclass)

52. Plaintiffs, on behalf of themselves and all others similarly situated, repeat and re-allege the allegations in each of the foregoing paragraphs as if fully set forth herein.

53. Plaintiffs and Subclass members entered into membership contracts with Defendant Auto Club South.

54. Their memberships with Auto Club South allowed Plaintiffs and Subclass members to access the AAA.com website to book hotel reservations.

55. Neither Plaintiffs' and Subclass members' membership contracts with Auto Club South, nor their contracts with AAA, formed through their use of AAA.com, permitted Auto Club South or AAA to charge fees for booking hotel reservations.

56. Indeed, AAA.com's FAQ's explicitly stated that service fees would not be charged for booking hotel reservations.

57. Further, Auto Club South's Member Benefits Handbook tells members:

When you travel, rest assured that you are getting a great hotel value when you book your stay through AAA. Your membership offers exclusive discounted rates for a wide variety of AAA Diamond rated hotels worldwide. Easily reserve your hotel online, by phone or in person at your local AAA office with specially trained AAA Travel professionals. For more information visit AAA.com.[11]

---

[11] Available at: http://autoclubsouth.aaa.com/Assets/PDFs/member_benefits_handbook.pdf.

12

58. Auto Club South, by routing its members to AAA.com for booking hotel reservations, where they were charged undisclosed fees for booking these reservations, breached its membership contracts with Plaintiffs and Subclass members.

59. As a result of Auto Club South's conduct, Plaintiffs and Subclass members were damaged by paying fees which they never agreed to and which AAA and Auto Club South hid from them.

## COUNT III – UNJUST ENRICHMENT

**(In the Alternative, on Behalf of Plaintiffs and the Class Against All Defendants)**

60. Plaintiffs, on behalf of themselves and all others similarly situated, repeat and re-allege the allegations in each of the foregoing paragraphs as if fully set forth herein.

61. Defendants Auto Club South and AAA collected and retained unauthorized and undisclosed fees for hotel bookings from Plaintiffs and the Class, through AAA.com.

62. Defendants knowingly and voluntarily accepted and retained the unauthorized and undisclosed fees.

63. Defendants were enriched by their receipt of the unauthorized and undisclosed fees.

64. Plaintiffs and Class members derived no benefit from Defendants in return for the funds unlawfully collected.

65. Under the circumstances, it would be inequitable and unjust for the Defendants to be permitted to retain the benefits conferred on them by Plaintiffs and Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all those similarly situated, demand judgment as follows:

A. For an Order certifying that this action may be maintained as a Class action, under Rule 23 of the Federal Rules of Civil Procedure and certifying Plaintiffs, Iris and Stanley Rothstein, as Class Representatives, and designating their counsel as Counsel for the Class;

B. Finding that: (1) Defendants Auto Club South and AAA breached their contracts with Plaintiffs and the Class; and (b) all Defendants were unjustly enriched by their conduct.

C. Awarding Plaintiff and the Class their full monetary damages to be proven at trial;

D. For an award of attorneys' fees, expenses, and the costs of this suit, together with prejudgment and post-judgment interest at the maximum rate allowed by law; and

E. For any further legal and equitable relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and the Class, demand a trial by jury on all issues so triable.

DATED: September 2, 2015.   Respectfully submitted,

*[signature]*
Jayne Arnold Goldstein (Fl. Bar. 0144088)
POMERANTZ LLP
1792 Bell Tower Lane
Weston, FL 33326
Telephone: 954-315-3454
Facsimile: 954-315-3455
jagoldsten@pomlaw.com

Noah Axler
DONOVAN AXLER, LLC
1055 Westlakes Drive, Suite 155
Berwyn, PA 19312
610-647-6067
610-647-7215(fax)
naxler@donovanaxler.com

Attorneys for Plaintiffs and the Class